FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LANCELOT AMOO,

              Plaintiff,

v.

NATIONAL COUNCIL OF EXAMINERS FOR ENGINEERS AND SURVEYORS/NCEES,

              Defendant.

No. 2:18-cv-00383-SMJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Before the Court, without oral argument, is Defendant National Council of Examiners for Engineers and Surveyors/NCEES's Motion to Dismiss, ECF No. 5. *Pro se* Plaintiff Lancelot Amoo alleges Defendant committed civil rights violations and breaches of contract by giving him examination questions that omitted the appropriate formula. ECF No. 1 at 4–6. Defendant moves to dismiss Plaintiff's complaint with prejudice, arguing it fails to state a claim upon which relief can be granted and is also time barred. ECF No. 5. Plaintiff opposes the motion by rehashing his grievances about how Defendant administered his examinations. ECF No. 7. Having reviewed the file and relevant legal authorities, the Court is fully informed and grants Defendant's motion.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT **-** 1

# BACKGROUND

On December 12, 2018, Plaintiff filed the present action, seeking $340,000 in damages based on the following allegations,

> In 2014 the National Council of Examiners for Engineers and Surveyors/NCEES violated my civil rights by giving me questions on my Engineer-in-Training (E-I-T)/Fundamentals of Engineering (FE) exams without the appropriate formula. I was able to detect the absence of the formula in 2014. This became apparent when in April of 2015 I called NCEES's attention to the missing delta to wye transformation formula since a question called for it.
> 
> My rights were violate again by having an identical question on August 27th, 2015. Dr Warren did not research my claim but rather spited me with a zero (0) on the subject (Power Engineering) on my next exam in May 2015—the subject that called for the formula.
> 
> I consider this a gross abuse of authority on her part and I am requesting a redress I can say on authority that I was given a slew of questions that no other examinee was given during the same period that I took the exams. That can only be proven by thorough investigation.
> 
> My smoking guns are: I was given questions on my E-I-T exams which called for a delta to wye transformation formula, on two of my last 7 exams—one in 2014 and again on August 27th 2015, even after I have called NCEES's attention to the missing formula in April 2015. In a nutshell, I consider this act as a breach of contract and I was not treated fairly and equitably.

ECF No. 1 at 4–6.

Plaintiff has presented these same allegations twice before[1]—first in the

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Here, Defendant brought the prior state and federal court proceedings to the Court's attention and also supplied the necessary information for taking judicial notice. After reviewing that information,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 2

Whitman County Superior Court on February 13, 2017, ECF No. 5 at 10–11, and then in this Court on July 10, 2017, Amended Complaint for a Civil Case, *Amoo v. Nat'l Council of Exam'rs for Eng'rs & Surveyors/NCEES*, No. 2:17-cv-00243-SMJ (E.D. Wash. July 10, 2017) (ECF No. 5). In his federal case, this Court dismissed Plaintiff's amended complaint without prejudice, reasoning it "fail[ed] to state a plausible legal or factual basis for a claim" and, thus, "fail[ed] to state a claim and [wa]s legally frivolous." Order Dismissing Complaint at 2, *Amoo*, No. 2:17-cv-00243-SMJ (E.D. Wash. Nov. 8, 2017) (ECF No. 7). This Court then denied Plaintiff's motion for reconsideration. Order Denying Plaintiff's Motion for Reconsideration, *Amoo*, No. 2:17-cv-00243-SMJ (E.D. Wash. Feb. 1, 2018) (ECF No. 9). Plaintiff filed the present action eight months later. *See* ECF No. 1.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." A complaint is subject to dismissal under Rule 12(b)(6) if it either

---

the Court takes judicial notice of (1) the allegations Plaintiff made in the prior state and federal court proceedings and (2) the result of the prior federal court proceedings. These facts are not subject to reasonable dispute because they can be accurately and readily determined from state and federal court records, whose accuracy cannot reasonably be questioned. By taking judicial notice, the Court does not convert the motion to dismiss into a summary judgment motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

fails to allege a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While a complaint need not contain detailed factual allegations, unadorned accusations of unlawful harm, naked assertions of wrongdoing, labels and conclusions, and formulaic or threadbare recitals of a cause of action's elements, supported only by mere conclusory statements, are not enough. *Id.* Whether a complaint states a facially plausible claim for relief is a context-specific inquiry requiring the Court to draw from its judicial experience and common sense. *Id.* at 679.

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained

in a complaint. *Iqbal*, 556 U.S. at 678. But the Court may disregard legal conclusions couched as factual allegations. *See id.*

Additionally, in deciding a Rule 12(b)(6) motion, the Court construes a *pro se* complaint liberally and may dismiss it only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). But a liberal interpretation of a *pro se* complaint may not supply essential elements of the claim that the plaintiff did not initially plead. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

## DISCUSSION

### A. Plaintiff fails to allege either a cognizable legal theory or sufficient facts to support a cognizable legal theory.

Plaintiff alleges Defendant committed civil rights violations and breaches of contract by giving him examination questions that omitted the appropriate formula. ECF No. 1 at 4–6. But Plaintiff fails to allege any legally protectable interest or any legally enforceable agreement even exists. For this reason, Plaintiff fails to explain how he has *any* basis for suing Defendant at all.

Plaintiff fails to allege either a cognizable legal theory or sufficient facts to support a cognizable legal theory. Construing the complaint in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, he fails to allege facts that, accepted as true, show he is entitled to relief. Thus, Plaintiff fails to state a claim upon which relief can be granted.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT **-** 5

**B.      The Court does not reach whether Plaintiff's claims are time barred.**

Defendant argues Plaintiff's claims are time barred by the applicable statute of limitations. ECF No. 5 at 6. The Court does not reach Defendant's argument because Plaintiff's failure to state a plausible legal or factual basis for his claims makes it impossible to ascertain what statute of limitations applies.

**C.      The Court denies Plaintiff leave to amend his complaint.**

Defendant argues the Court should dismiss Plaintiff's complaint with prejudice. *Id.* at 2, 5 & n.2, 7. The Court agrees. The Court freely grants leave to amend a *pro se* complaint unless the plaintiff cannot possibly cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, Plaintiff has presented these same allegations twice before, in both state and federal court. ECF No. 5 at 10–11; Amended Complaint for a Civil Case, *supra*. In his federal case, this Court dismissed Plaintiff's amended complaint without prejudice, reasoning it "fail[ed] to state a plausible legal or factual basis for a claim" and, thus, "fail[ed] to state a claim and [wa]s legally frivolous." Order Dismissing Complaint, *supra*, at 2. Considering this history and the nature of the identified

deficiencies, it would be futile for Plaintiff to amend his complaint again. Plaintiff cannot possibly cure the identified deficiencies because, quite simply, he has no cause of action to bring against Defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 5**, is **GRANTED**.

2. All claims are **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs and attorneys' fees.

3. The Court certifies that an appeal of this Order could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

6. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff and all counsel.

**DATED** this 19th day of March 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 7